NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR E. FERREIRO,<br><br>               Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Civil Action No.: 2:15-cv-04320<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Cesar E. Ferreiro's ("Plaintiff") motion for attorney's fees. (ECF No. 15). The Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff brought this action to challenge the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Supplemental Security Income ("SSI") under section 1614(a)(3)(A) of the Social Security Act (the "SSA"). The Commissioner found that Plaintiff was not disabled under § 1614(a)(3)(A) of the SSA and thus, Plaintiff was not entitled to SSI. (ECF No. 13 at 1, 9).

In Plaintiff's initial brief, Plaintiff raised three arguments with respect to the Commissioner's decision. First, Plaintiff averred that the administrative law judge's (the "ALJ") finding that Plaintiff's "severe" impairments during the relevant period included a depressive disorder and a history of alcohol abuse was incomplete, as it did not consider the full extent of Plaintiff's back impairment and did not mention Plaintiff's psychiatric diagnosis and borderline intellectual functioning (the "Step Two Determination"). (*Id.* at 6, 9). Second, Plaintiff contended

1

that the ALJ's finding that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 was not supported by substantial evidence because the residual functional capacity (the "RFC") assessment was not accompanied by specific references to evidence of record (the "Step Three Determination"). (*Id.* at 7, 9). Third, Plaintiff maintained that the ALJ's finding that Plaintiff had the ability to work in jobs that existed in significant numbers in the national economy was not supported by substantial evidence because the hypothetical questions posed to the vocational expert (the "VE") did not fully account for Plaintiff's limitations (the "Step Five Determination"). (*Id.* at 9-10).

This Court subsequently issued an Opinion and Order finding that substantial evidence supported the Commissioner's Step Two and Step Three Determinations. (*Id.* at 10-14). With respect to the Commissioner's Step Five Determination, however, which held that Plaintiff had the ability to work in jobs that existed in significant numbers in the national economy, the Court vacated such determination and remanded the issue for further proceedings. (*Id.* at 14-16). More specifically, the Court directed the ALJ to ask the VE a hypothetical that reflected Plaintiff's limitations with respect to concentration, persistence, and pace, as well as Plaintiff's borderline intellectual functioning. (*Id.* at 15). Thereafter, Plaintiff filed the instant motion for attorney's fees.

### III. **LEGAL STANDARD**

"The Equal Access to Justice Act . . . [the ("EAJA")] provides in relevant part, that a Court shall award reasonable attorney's fees to a prevailing party in any civil action against the [U]nited States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust." *McPhaul v. Astrue*, No. 09-3207, 2011 WL 735171,

at *2 (D.N.J. Feb. 23, 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). "The EAJA provides in pertinent part that: 'Whether or not the position of the United States is substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which the fees and other expenses are sought.'" *Id.* (quoting 28 U.S.C. § 2412(d)(1)(B)).

## IV. DISCUSSION

"The burden is on the government to establish that its position was substantially justified." *Id.* "The test of whether or not a Government action is substantially justified is essentially one of reasonableness." *Nat. Res. Def. Council, Inc. v. U.S. E.P.A.*, 703 F.2d 700, 707 (3d Cir. 1983) (citations omitted). That is, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *McPhaul*, 2011 WL 735171, at *2 (citations omitted). "Thus, the government must establish three things in order to meet its burden that its position was substantially justified and defeat the prevailing party's application for fees under the EAJA: (1) reasonable basis in truth for facts alleged; (2) reasonable basis in law for the theory it compounded; and (3) a reasonable connection between facts alleged and the legal theory advanced." *Id.* "A Court cannot assume that the government's position[] was not substantially justified simply because the government lost on the merits." *Id.*

Here, the Court vacated and remanded the Commissioner's Step Five Determination for further proceedings so that the ALJ could ask the VE a hypothetical that reflected Plaintiff's limitations with respect to concentration, persistence, and pace, as well as Plaintiff's borderline intellectual functioning. (ECF No. 13 at 14-16). Nonetheless, the record indicates that the ALJ discussed such limitations, and whether these limitations would affect Plaintiff's ability to work, in steps two, three, and four of the ALJ's analysis. (ECF No. 7-2 at 68-72). That is, the ALJ

3

explained that "[w]ith regard to concentration, persistence or pace, [Plaintiff] ha[d] moderate difficulties . . . . [Plaintiff] had clear and coherent speech, had good insight, and had fair concentration and memory[.]" (*Id.* at 69). The ALJ also noted that as to Plaintiff's borderline intellectual functioning, the "mental status examination conducted in February 2012 was within normal limits. Specifically, [Plaintiff] was appropriately groomed, was cooperative, had clear and coherent speech, had good insight, and had fair concentration and memory[.]" (*Id.* at 71).

Despite this discussion, because the ALJ did not *explicitly* include the aforementioned limitations in the ALJ's hypothetical to the VE, the Court ultimately vacated and remanded the Step Five Determination. In *Standowski v. Colvin*, the court was faced with a similar set of facts and ultimately held on a motion for attorney's fees that even where the ALJ failed to fully explain the ALJ's reasoning when addressing certain issues in the step four determination, the Commissioner "did not clearly offend established precedent" by defending the ALJ's assessment because "there was medical support to posit that the ALJ's [step four] analysis was based on substantial evidence," which the ALJ discussed in the steps two, three, and four determinations. No. 13-5663, 2016 WL 2625029, at *3 (D.N.J. May 9, 2016) (citations omitted). Similarly here, and as noted above, the ALJ discussed Plaintiff's limitations, and whether these limitations would affect Plaintiff's ability to work, in steps two, three, and four of the ALJ's analysis. *See supra*. Thus, the Court finds that the Commissioner was substantially justified in opposing Plaintiff's initial brief, and will deny Plaintiff's motion for attorney's fees. Accordingly,

IT IS on this 5 day of October, 2018:

**ORDERED** that Plaintiff's motion for attorney's fees, (ECF No. 15), is **DENIED**.

CLAIRE C. CECCHI, U.S.D.J.